UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. LUCIO,<br><br>                Plaintiff,<br>      v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. 8:17-cv-00046-SHK<br><br>ORDER GRANTING EAJA FEES |

      Plaintiff Jose L. Lucio ("Plaintiff") brought this action for judicial review of the Commissioner of the Social Security Administration's ("Commissioner," "Agency," or "Defendant") final decision denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (the "Act"). Electronic Case Filing Number ("ECF No.") 1, Complaint. After the Court reversed the Commissioner's decision to deny Plaintiff's DIB and SSI applications under sentence four of 42 U.S.C. section 405(g) and remanded the case back to the Agency for further proceedings on June 4, 2018, Plaintiff moved for attorney fees totaling $5,596.42, and costs totaling $400.00, under the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. §§ 1920 and 2412, on August 27, 2018. ECF No. 24, Opinion and Order ("Order"); ECF No. 25, Judgment; ECF No. 26, Plaintiff's Motion for Attorney's Fees Under EAJA ("Motion").

In Plaintiff's Motion, Plaintiff indicated that "the parties were unable to reach an agreement with regard to the payment of attorney's fees that both considered fair under the circumstances of this case." ECF No. 27, Memorandum of Points and Authorities in Support of Plaintiff's Motion at 3. The Court, therefore, ordered Defendant to respond to Plaintiff's Motion, and Plaintiff to reply to Defendant's Response. ECF No. 29, Order Re: Motion. The parties timely responded and replied. ECF No. 30, Defendant's Opposition to Plaintiff's Motion ("Response"); ECF No. 31, Plaintiff's Reply to Defendant's Response ("Reply"). In Plaintiff's Reply, Plaintiff sought an increased attorney fee award totaling $5,977.90 for the additional 1.9 hours of work Plaintiff incurred while replying to Defendant's Response. ECF No. 31, Reply at 3-4. For the following reasons, Plaintiff's Motion, as amended by Plaintiff's Reply, is GRANTED.

## I. DISCUSSION

Defendant argues that Plaintiff's Motion should be denied because "special circumstances exist that would make an award of fees unjust, and because the government was substantially justified." ECF No. 30, Response at 8.

"[EAJA] departs from the general rule that each party to a lawsuit pays his or her own legal fees." Hoa Hong Van v. Barnhart, 483 F.3d 600, 604 (9th Cir. 2007) (citations and internal quotation marks omitted). Instead, EAJA authorizes the Court to "award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

///

### A. Special Circumstance Making A Fee Award Unjust Is Not Present.

Defendant argues that "special circumstances exist that make an award of fees unjust" in this case because Plaintiff's attorney, "failed to identify the issue upon which the Court remanded." ECF No. 30, Response at 3. Specifically, Defendant argues that the Court sua sponte raised the issue of "whether the ALJ properly considered the medical opinions of Drs. Strahle and Woods in finding Plaintiff's mental impairments nonsevere." Id. at 4. Defendant argues that because Plaintiff's attorney's "work product failed to procure any appreciable benefit for his client, an award of fees would be unjust." Id.

Plaintiff argues that Defendant's argument fails because "[t]he argument takes an impermissibly narrow view of the arguments raised by Plaintiff." ECF No. 31, Reply at 2. Plaintiff argues that "[t]he Court agreed with his primary argument at step two that there was a lack of substantial evidence supporting the finding that Plaintiff does not have severe PTSD." Id.

When remanding the case back to the Agency for further proceedings, the Court observed that following the administrative law judge's ("ALJ") unfavorable decision, Plaintiff's counsel submitted additional arguments and evidence to the Appellate Council ("AC") when requesting AC review of the ALJ's decision. ECF No. 24, Order at 8. The Court further observed that the AC considered the arguments and evidence submitted by Plaintiff's counsel, and without providing any "further discussion or analysis of the additional evidence Plaintiff submitted[,]" the AC "found that neither 'provide[d] a basis for changing the [ALJ's] decision.'" Id. (quoting Tr. 2). The Court then provided a nearly six-page summary of the evidence that Plaintiff's counsel submitted to the AC in support of AC review. Id. at 9-14. Included in the evidence discussed by the Court were the medical opinions of Drs. Strahle and Woods. Id.

///

After observing the three assignments of error that Plaintiff alleged on district court review, the Court examined Plaintiff's first argument—that the ALJ erred by finding that Plaintiff's PTSD was nonsevere—and found that "the later submitted opinions of Drs. Strahle and Woods suggest that the limitations caused by Plaintiff's PTSD are more severe than the ALJ recognized in her unfavorable decision." Id. at 15. The Court, therefore, concluded that "[b]ecause Drs. Strahle and Woods endorsed far greater limitations than the ALJ recognized, . . . the ALJ's conclusion—that Plaintiff's PTSD was nonsevere and imposed no more than minimal limitations in Plaintiff's ability to work—is not supported by substantial evidence." Id.

"EAJA . . . has a built-in check: Section 2412(d)(1)(A) disallows fees where 'special circumstances make an award unjust.'" Scarborough v. Principi, 541 U.S. 401, 422-23 (2004). Specifically, "§ 2412(d)(1)(A)'s safety valve gives the court discretion to deny awards where equitable considerations dictate an award should not be made." Id. at 423 (citation and internal quotation marks omitted).

Here, Plaintiff's counsel's work product included arguments to the AC and this Court that the ALJ's finding that Plaintiff's PTSD was nonsevere was not supported by substantial evidence, as well as the medical evidence Plaintiff's counsel submitted to the AC. This evidence, which the AC made part of the record, ultimately provided the evidentiary basis for this Court's conclusion that the Commissioner's decision was not supported by substantial evidence in the record. See Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012) ("[W]hen a claimant submits evidence for the first time to the [AC], which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the commissioner's decision is supported by substantial evidence."); see also 42 U.S.C. § 405(g) (Regardless of whether the AC refuses to review an ALJ's decision, or reviews and affirms the ALJ's decision, the ALJ's

4

decision nevertheless becomes the final or ultimate decision of the Commissioner, which the federal "court shall have the power . . . to enter a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for rehearing.").

Accordingly, because Plaintiff's counsel raised the issue of the severity Plaintiff's PTSD both before the AC and this Court, and supplemented the record with additional evidence that ultimately provided the evidentiary basis for the Court's decision, the Court finds that special circumstances that would make an award unjust are not present here. Scarborough, 541 U.S. at 422-23.

### B. Government's Position Was Not Substantially Justified.

Defendant argues that its position was "substantially justified both in the underlying action and in its litigation position before this Court" and, therefore, Plaintiff's Motion should be denied. ECF No. 30, Response at 5. Defendant raises two specific points in support of this argument. Id. at 6. First, Defendant argues that "Dr. Woods submitted her opinion more than a year after the ALJ issued her decision and, therefore, the opinion was outside the scope of the relevant time period." Id. Second, Defendant argues that "Drs. St[r]ahle's and Wood's opined [sic] marked mental limitations directly contradicted the clinical record, the opinions of Drs. Duffy and Fernandez, and Plaintiff's acknowledged activities." Id.

"It is the government's burden to show that its position was substantially justified." Meier, 727 F.3d at 870 (citation omitted). "Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" Id. (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" Id. (quoting Pierce, 487 U.S. at 565)).

"The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action." Id.

(citation and internal quotation marks omitted). "As EAJA provides, position of the United States means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." Id. (citation, emphasis, and internal quotation marks omitted). "The ALJ's decision, therefore, is directly and literally 'the action or failure to act by the agency upon which the civil action is based' . . . [and] EAJA's plain language thus directs courts to focus on the ALJ's decision." Id. at 870-71 (quoting 28 U.S.C. § 2412(d)(2)(D)). "This court and other circuits have held that a holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the position of the United States . . . was not substantially justified." Id. at 782 (citation and internal quotation marks omitted). Moreover, "[t]he government's position must be substantially justified at each stage of the proceedings" and "the government's litigation position—[when] defending the ALJ's errors on appeal—lack[s] the requisite justification." Id. at 782-83.

Here, the Court is unpersuaded by Defendant's first argument: that the government's position was substantially justified because Dr. Woods' opinion was submitted after the ALJ's decision was rendered and was, therefore, outside of the relevant time period. ECF No. 30, Response at 5-6. Plaintiff alleged disability beginning on December 1, 2011. Tr. 195-202. On May 18, 2015, the ALJ determined that Plaintiff had not been under a disability, from the alleged onset date through the date of the decision. Tr. 28. Thus, the relevant time period was December 2011 through May 2015.

As discussed above and explained in the Court's Order, Plaintiff's counsel supplemented the record with two opinions from Dr. Woods from May and July of 2016. ECF No. 24, Order at 11, 12. In Dr. Woods' July 2016 opinion, Dr. Woods explained that "Plaintiff would be absent more than three times per month as a result of his 'impairments or treatment' and that Plaintiff' symptoms apply as far back as 2008." Id. at 14 (quoting Tr. 460). Accordingly, because Dr. Woods' July

6

2016 opinion covers the time period from 2008 through July 2016 and, therefore, encompasses the entire relevant time period, the Court rejects Defendant's argument that Dr. Woods' opinion does not pertain to the relevant time period.

With respect to Defendant's second argument—that the government's position was substantially justified because Drs. Strahle's and Woods' opinions are contradicted by other evidence in the record—the Court is, again, unpersuaded. As discussed above and at length in the Court's Order, following the ALJ's unfavorable decision, Plaintiff's counsel submitted medical evidence that the Court found "suggest that the limitations caused by Plaintiff's PTSD are more severe than the ALJ recognized in her unfavorable decision." ECF No. 24, Order at 15. The AC considered the evidence and made it part of the record, but found that the evidence "does not provide a basis for changing the [ALJ's] decision." Tr. 2. Thereafter, the ALJ's decision became the final decision of the Commissioner. 42 U.S.C. § 405(g).

Defendant's post-hoc arguments in opposition to Plaintiff's Motion do not change the Court's finding that "the ALJ's conclusion—that Plaintiff's PTSD was nonsevere and imposed no more than minimal limitations in Plaintiff's ability to work"—and the Commissioner's resulting conclusion—"that Plaintiff has not been under a disability, as defined in the Act during the relevant time period"—are not supported by substantial evidence. ECF No. 24, Order at 15; see Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (When there is conflicting medical evidence, "it is the ALJ's role to determine credibility and to resolve the conflict.") (citation omitted); see also Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (the Court cannot affirm the ALJ's decision on grounds not invoked by the Commissioner) (citation omitted).

Accordingly, because both of Defendant's arguments opposing Plaintiff's Motion fail, the Court finds that Defendant has failed to meet its burden of showing that its position, which "includes both the government's litigation position and the

underlying agency action giving rise to the civil action[,]" was substantially justified. Meier, 727 F.3d at 870 (citation and internal quotation marks omitted). As such, the Court finds that EAJA fees are warranted here and turns next to the reasonableness of the amount Plaintiff seeks.

**C.     Plaintiff's Fee Request Was Reasonable.**

Federal courts assess the reasonableness of fee requests, including requests in social security cases, using the "lodestar" method. Costa v. Comm'r Soc. Sec. Admin, 690 F.3d 1132, 1135 (9th Cir. 2012). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). The court then may adjust the lodestar upward or downward based on "a host of reasonableness factors, including the quality of representation, the benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." Stetson v. Grissom, 821 F.3d 1157, 1166–67 (9th Cir. 2016) (citation and internal quotation marks omitted).

Here, Plaintiff's counsel was successful in helping Plaintiff obtain a reversal of the Commissioner's unfavorable decision and a remand for further proceedings. Plaintiff's counsel spent 28.4 hours pursuing the reversal and another 1.9 hours replying to Defendant's opposition to Plaintiff's fee award, at hourly rates of $196.79 and $200.78 for work performed in 2017 and 2018. ECF No. 27, Motion at 4; ECF No. 31, Reply at 3. Defendant does not challenge the amount of Plaintiff's fee award. The Court finds that the number of hours Plaintiff's counsel expended on the litigation, as well as the hourly rate Plaintiff's counsel seeks for the work performed, are reasonable. As such, the Court finds that the $5,977.90 for attorney fees, as amended in Plaintiff's Reply, and the $400.00 for costs that Plaintiff seeks under EAJA is reasonable.

/ / /

/ / /

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion [ECF No. 26] is **GRANTED**, as amended by Plaintiff's Reply brief [ECF No. 31]. Plaintiff is awarded $5,977.90 for attorney fees and $400.00 for costs. The Commissioner shall pay such EAJA fees, subject to any offset to which the Government is legally entitled.

IT IS SO ORDERED.

DATED: 10/2/2018

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge